UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM PATRICK RUSSELL,
    Petitioner,

v.                                     Case No. 8:19-cv-2561-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

William Patrick Russell files a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court conviction for manslaughter while driving under the influence. (Doc. 1.) The Respondent asserts that the three claims in the petition are not exhausted and not cognizable on federal habeas. (Doc. 8 at 3–13.) Having considered the timely petition[1] (Doc. 1), the response in opposition (Doc. 8), and Russell's reply (Doc. 11), the Court denies both the petition and a certificate of appealability.

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). Because the state appellate court denied Russell's motion for rehearing after affirming per curiam his judgment and sentences (Doc. 8-2 at 729, 735) and Russell did not seek review in the Supreme Court of the United States, the limitation period began to run on October 11, 2019, when the time to seek certiorari review expired. *See* § 2244(d)(1)(A); *Chavers v. Sec'y, Fla. Dep't Corrs.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Russell did not seek postconviction relief in state court and filed his federal petition on October 16, 2019. (Doc. 1.) Because only five days ran on the limitation period, Russell timely filed the petition under review.

I. BACKGROUND

### A. Procedural Background

Russell pleaded nolo contendere to manslaughter while driving under the influence, leaving the scene of an accident, and two counts of driving under the influence resulting in serious bodily injury. (Doc. 8-2 at 566–67.) The trial court accepted the parties' negotiated agreement and sentenced Russell to four years in prison for the manslaughter conviction and a concurrent two years in prison for the remaining convictions. (Doc. 8-2 at 577–78.) The parties stipulated that Russell had a right to appeal dispositive issues raised in pretrial motions. (Doc. 8-2 at 583–84.) The state appellate court per curiam affirmed the convictions and sentences without a written opinion. (Doc. 8-2 at 729.) Russell did not seek postconviction relief in state court, and his federal petition follows.

### B. Factual Background[2]

On the morning of March 22, 2015, Russell called the police department to report that he was involved in a crash and had left the scene. (Doc. 8-2 at 16.) A police officer drove Russell back to the scene of the accident. (Doc. 8-2 at 16.) After waiving his constitutional rights, Russell told a police officer that he had drank alcohol the evening before until the early morning around 1:00 A.M. or 2:00 A.M. and drove his car to a

---

[2] At the change of plea hearing, the trial court found that a factual basis supported the plea. (Doc. 8-2 at 577.) The factual background derives from an arrest affidavit. (Doc. 8-2 at 15–17.)

friend's home to sleep. (Doc. 8-2 at 16.) Later that morning, Russell crashed into a car while making a left turn and left the scene of the accident because he felt overwhelmed. (Doc. 8-2 at 16.) Russell consented to a blood alcohol test, which showed that his blood alcohol content was 0.071 four hours after the crash. (Doc. 8-2 at 16.)

A video recording showed that a car that looked like Russell's car struck a second car and caused the second car to slide into oncoming traffic. (Doc. 8-2 at 16.) A third car crashed into the passenger door of the second car, and a fourth car crashed into the third car. (Doc. 8-2 at 16.) The car that looked like Russell's car left the scene. (Doc. 8-2 at 16.) One passenger died from her injuries, another passenger suffered brain trauma, and a third passenger suffered injuries that required surgery. (Doc. 8-2 at 16.) Russell's car sustained damage consistent with the crash. (Doc. 8-2 at 16.)

## II. STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "[C]learly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Id.* at 412. A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

For purposes of § 2254(d)(2), a state court's findings of fact are presumed correct. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct . . . ."). A petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

4

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same

5

reasoning." *Id.* The state may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies this exhaustion requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the

result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III. ANALYSIS

### A. Ground One and Ground Two

In Ground One and Ground Two, Russell asserts that the trial court erred by denying his motions to suppress his statements to police because the prosecutor could not independently prove the corpus delicti of the manslaughter charge. (Doc. 1 at 5.) In Ground One, he contends that the prosecutor could not prove without his statements that he drove the car while intoxicated. (Doc. 1 at 5, 22.) In Ground Two, he contends that the prosecutor could not prove without his statements that retrograde extrapolation analysis demonstrated that his blood alcohol content at the time of the crash exceeded the legal limit. (Doc. 1 at 23, 26–28.) He asserts that the state court's rulings violated his federal right to due process. (Doc. 1 at 22, 27.)

The Respondent asserts that the federal claims raised in Ground One and Ground Two are unexhausted and procedurally barred. (Doc. 8 at 3–7, 9–11.) Russell contends that he presented the substance of the claims to the state court and cited the Fifth and Fourteenth Amendments of the U.S. Constitution in his brief on direct appeal. (Doc. 11

7

at 1–2, 5.) In his brief on appeal, Russell asserted that the trial court misapplied *State v. Walton*, 42 So. 3d 902 (Fla. 2d DCA 2010), and *Esler v. State*, 915 So. 2d 637 (Fla. 2d DCA 2005), by denying the claim in Ground One and misapplied *Haas v. State*, 597 So. 2d 770 (Fla. 1992), by denying the claim in Ground Two. (Doc. 8-2 at 657–68, 673–74.) Russell cited the state and federal constitutions in a footnote at the end of the analysis of each claim. (Doc. 8-2 at 668 n.6, 674 n.9.) Russell did not recite the legal standard that governs a federal due process claim and did not explain how the trial court's ruling violated his federal right to due process. *See Dowling v. United States*, 493 U.S. 342, 352 (1990) (holding that admission of evidence violates federal due process if 'the introduction of [ ] of [the] evidence is so extremely unfair that its admission violates 'fundamental conceptions of justice'" (citation omitted)).

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted). *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005), holds that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record,'" *id.* (quoting *Kelley v. Sec'y, Dep't Corrs.*, 377 F.3d 1317, 1345 (11th Cir. 2004)).

In *McNair*, 416 F.3d at 1303, the petitioner's brief on appeal cited a federal district court opinion in a string citation and the federal constitution in a concluding paragraph of the argument section. *McNair* concluded that "[the petitioner's] references to federal law in his state habeas proceedings are exactly the type of needles in the haystack that we have previously held are insufficient to satisfy the exhaustion requirement." *Id.* at 1303. Because Russell's cite to the federal constitution in a footnote in his brief did not fairly present a federal claim to the state court, he failed to exhaust his claims in Ground One and Ground Two. *See McNair*, 416 F.3d at 1303.

If Russell returned to state court to exhaust the federal claims, the postconviction court would deny the claims as procedurally defaulted. Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Consequently, the claims are procedurally barred in federal court. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."). Because Russell fails to demonstrate either cause and actual prejudice or a fundamental miscarriage of justice, the claims are procedurally barred from federal review. *Henderson*, 353 F.3d at 892.

Even if the claims are not procedurally barred, Russell fails to demonstrate that the trial court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). He fails to cite a Supreme Court opinion that the trial court either ruled contrary to or unreasonably applied. *See Williams*, 529 U.S. at 412. He simply asserts that "[t]he state courts' rulings . . . were contrary to and an unreasonable application of [Russell's] Fifth and Fourteenth Amendment due process rights." (Docs. 1 at 22, 27 and 11 at 5, 7.) Consequently, Russell fails to meet his burden under Section 2254(d). Ground One and Ground Two are denied.[3]

### B. Ground Three

Russell asserts that the trial court erred by denying his motion to exclude testimony by an expert who relied on retrograde extrapolation analysis to opine that Russell's blood alcohol content exceeded the legal limit at the time of the crash. (Doc. 1 at 27.) He contends that retrograde extrapolation analysis is not generally accepted in the scientific

---

[3] The Respondent asserts that the trial error claim in Ground One based on corpus delicti is a state law claim not cognizable on federal habeas. (Doc. 8 at 7–8) This Court follows the Eleventh Circuit and declines to decide whether "the corpus delicti corroboration rule, which is part of Florida law, is also required as a matter of federal constitutional law." *Schwab v. Crosby*, 451 F.3d 1308, 1328 (11th Cir. 2006). For the reasons stated above, the claim is meritless.

10

community and is not scientifically reliable. (Doc. 1 at 27.) He asserts that the state court's ruling violated his federal right to due process. (Doc. 1 at 30.)

The Respondent asserts that the federal claim is unexhausted and procedurally barred. (Doc. 8 at 11–12.) Russell contends that he presented the substance of the claims to the state court and cited the Fifth and Fourteenth Amendments of the U.S. Constitution in his brief on direct appeal. (Doc. 11 at 1–2, 8 n.2.) In his brief on appeal, Russell asserted that the expert's opinion did not comply with § 90.702, Florida Statutes, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), or *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). (Doc. 8-2 at 678–79.) Like Grounds One and Two, Russell cited the Fifth and Fourteenth Amendments of the U.S. Constitution only in a footnote at the end of the analysis of the claim. (Doc. 8-2 at 679 n.12.) Russell did not recite the legal standard that governs a federal due process claim and did not explain how the trial court's ruling violated his federal right to due process. *Dowling*, 493 U.S. at 352.

For the reasons stated above, Russell's footnote citation to the federal constitution did not fairly present the federal due process claim to the state court. *See McNair*, 416 F.3d at 1303. The references to *Daubert* and *Frye* also fail to present the federal due process claim as those cases simply interpret and apply the federal rules of evidence. *Daubert*, 509 U.S. at 589–95 (construing Rule 702, Federal Rules of Evidence, to hold that admission of an expert's opinion requires that the opinion is based on a scientifically reliable principle

11

or method); *Frye*, 293 F. at 1014 (holding that admission of an expert's opinion requires that the opinion is based on a principle or method that is "sufficiently established to have gained general acceptance in the particular field in which it belongs"). Florida courts also recently adopted and codified *Daubert* in a state rule of evidence. *See* § 90.702, Fla. Stat. *In re Amends. to Fla. Evid. Code*, 278 So. 3d 551 (Fla. 2019). Because *Daubert* and *Frye* do not concern a defendant's federal right to due process, Russell did not alert the state court to the federal constitutional nature of his claim by citing them. *See Duncan*, 513 U.S. at 365 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994) ("The standard, then, is not whether the testimony satisfied the *Frye* or *Daubert* tests—neither of which purports to set a constitutional floor on the admissibility of scientific evidence—but rather is whether the probative value of the state's evidence was so greatly outweighed by its prejudice to Milone that its admission denied him a fundamentally fair trial.").

If Russell returned to state court to exhaust the federal claim, the postconviction court would deny the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claim is procedurally barred in federal court. *Snowden*, 135 F.3d at 736. Because Russell fails to demonstrate either cause and actual prejudice or a fundamental

miscarriage of justice, the claim is procedurally barred from federal review. *Henderson*, 353 F.3d at 892.

Even if the claim is not procedurally barred, the claim is not cognizable on federal habeas. Russell asserts that, because the retrograde extrapolation analysis relied on by the prosecutor's expert to render an opinion does not comply with § 90.702, *Daubert*, and *Frye*, the trial court erred by denying his motion to exclude the expert's opinion. (Doc. 1 at 29–30.) He contends that the trial court's ruling was "contrary to and an unreasonable application of [his] Fifth and Fourteenth Amendment due process rights." (Doc. 1 at 30.)

As explained above, *Daubert* and *Frye* interpret and apply federal rules of evidence, and Florida courts adopted and codified *Daubert* in Fla. Stat. § 90.702. *See Daubert*, 509 U.S. at 589–95; *Frye*, 293 F. at 1014; *In re Amends. to Fla. Evid. Code*, 278 So. 3d at 551. At bottom, Russell asserts that the trial court erred by failing to comply with a state rule of evidence. However, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (italics in original). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)

13

(quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). Because Russell's claim is based on a violation of a state rule of evidence, it is not cognizable on federal habeas and Russell is not entitled to relief. Ground Three is denied.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Russell must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Russell has not made the requisite showing. Finally, because Russell is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Russell's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Russell and in Respondents' favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 3, 2023.

Kathryn Kimball Mizelle
United States District Judge